# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO.: 1:14-CV-50

| | |
|---|---|
| CHARLES CORRIHER, | ) |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

## I. INTRODUCTION

**THIS MATTER IS BEFORE THE COURT** upon Plaintiff's Motion for Summary Judgment (Doc. No. 8), Defendant's Motion for Summary Judgment (Doc. No. 13), Magistrate Judge Keesler's Memorandum and Recommendation (Doc. No. 15), and Plaintiff's Objection to the M&R (Doc. No. 16). Judge Keesler recommends that Plaintiff's motion be denied, that Defendant's motion be granted, and that the Commissioner's decision be affirmed. For the reasons set forth below, the Court OVERRULES Plaintiff's objections, ACCEPTS and ADOPTS the M&R, DENIES Plaintiff's Motion for Summary Judgment, GRANTS Defendant's Motion for Summary Judgment, and AFFIRMS the Commissioner's decision.

## II. STANDARD OF REVIEW

Pursuant to the Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), this Court's review of a final decision of the Commissioner of Social Security is limited to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390 (1971), and (2) whether the Commissioner applied the correct legal standards. 42 U.S.C. §

1

405(g) (2006); *see also Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Rhyne v. Astrue*, 3:09-cv-412-FDW-DSC, 2011 WL 1239800, at *2 (W.D.N.C. Mar. 30, 2011). Furthermore, "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if [her] decision is supported by substantial evidence." *Hays*, 907 F.2d at 1456; *see also Rhyne*, 2011 WL 1239800, at *2. Substantial evidence is "more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence that a reasonable mind would accept as adequate to support a conclusion." *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *Rhyne*, 2011 WL 1239800, at *2.

The Federal Magistrate Act states that a district court "shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). *De novo* review is not required, however, "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see also Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Objections to an M&R must specifically identify portions of the report and the basis for those objections. Fed. R. Civ. P. 72(b). Furthermore, "a general objection to a magistrate judge's findings is not sufficient—'a party must object to the [magistrate's] finding or recommendation . . . with sufficient specificity so as to reasonably alert the district court of the true ground for the objection.'" *United States v. Benton,* 523 F.3d 424, 428 (4th Cir. 2008) (quoting *United States v. Midgette,* 478 F.3d 616, 621 (4th Cir. 2007)). General objections include those that merely

2

restate or reformulate arguments a party has made previously to a magistrate judge. *See Jackson v. Astrue,* No. 1:09-cv-467, 2011 WL 1883026 (W.D.N.C. May 17, 2011); *Aldrich v. Bock,* 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). "Examining anew arguments already assessed in the M&R would waste judicial resources; parties must explain *why* the M&R is erroneous, rather than simply rehashing their prior filings . . . ." *Hendrix v. Colvin*, No. 5:12-cv-01353, 2013 WL 2407126, at *12 (D.S.C. June 3, 2013). Finally, upon careful review of the record, the district court may accept, reject, or modify the findings or recommendations made by the magistrate judge. *Camby*, 718 F.2d at 200.

### III. DISCUSSION

In his motion for summary judgment, Plaintiff made three separate assignments of error: (1) whether the ALJ properly assessed Plaintiff's mental impairments, (2) whether the ALJ properly weighed opinion evidence, and (3) whether the ALJ properly assessed Plaintiff's RFC. (*See* Doc. 8-1 at 5). Judge Keesler reviewed each one of these assignments of error and concluded that none of them warranted remand.

Plaintiff's objections, rather than set out in topical headings, simply appear in a numbered list that is ten pages long. That list appears to overlap in places, and the Court sometimes has difficulty discerning what Plaintiff's precise objections are. Portions of the objections appear to complain just of the wording of the M&R, or the way the M&R construed Plaintiff's arguments. (*See* Doc. No. 16 at 8 n.4 ("Counsel will make every attempt to improve the clarity of her briefing in the future, especially on issues of opinions and when they are ignored or rejected.")). The Court finds these narrative discussions entirely unhelpful, and will attempt to address Plaintiff's substantive arguments instead.

The bulk of Plaintiff's objections appear to concern the M&R's finding that the ALJ properly assessed Plaintiff's mental impairments, notably when employing the "special technique" called for by 20 C.F.R. § 404.1520a. That technique calls for "specific findings" as to the degree of functional limitations caused by mental impairments in each of four functional categories, *see* 20 C.F.R. § 404.1520a, which Plaintiff argues the ALJ failed to do. The Court has carefully reviewed these arguments, as well as the portions of the M&R that discuss the ALJ's application of the special technique, and agrees with Judge Keesler that the ALJ appears to have conducted a proper analysis under § 404.1520a, and that his conclusions were supported by substantial evidence in the record. Notably, it appears that the ALJ incorporated the special technique opinion of the State Agency, which itself provided a thorough explanation and analysis of the record pertaining to each alleged limitation. Otherwise, the ALJ appears to have thoroughly considered the evidence in the record relating to Plaintiff's mental conditions, and the Court agrees with Judge Keesler's conclusions on this point. The Court also agrees that the ALJ engaged in a proper Listings analysis with adequate discussion of the record, as set out in Part III.A.2. of the M&R.

The Court cannot discern whether Plaintiff means to object to the M&R's findings about the ALJ's treatment of opinion evidence or his RFC assessment; however, the Court has carefully reviewed the portions of the ALJ's decision which are the subject of these findings and agrees with Judge Keesler that they apply the correct legal standards and are supported by substantial evidence. As such, Plaintiff's objections will be overruled.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's objections are OVERRULED. The Court hereby ADOPTS the Memorandum and Recommendations of the Magistrate Judge. (Doc.

4

No. 15). Accordingly, Plaintiff's Motion for Summary Judgment (Doc. No. 8) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 13) is GRANTED. The decision of the Commissioner is AFFIRMED. The Clerk of Court is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: September 3, 2015

Graham C. Mullen
United States District Judge